UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN LEE CARTER,

       Petitioner,

v.

RANDEE REWERTS,

       Respondent.

Case No. 1:18-cv-810

Honorable Janet T. Neff

_____/

## **OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  **Factual allegations**

Petitioner John Lee Carter is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a jury trial in the 55th Circuit Court in Gladwin, Michigan, Petitioner was convicted of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f(1), being a felon in possession of ammunition, Mich. Comp. Laws § 750.224f(6), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On January 11, 2016, the court sentenced Petitioner to respective sentences of two concurrent prison terms of 34 months to 10 years on the felon-in-possession convictions, to be served consecutively to a two-year prison term for felony firearm.

On July 24, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on July 24, 2018. (Br. in Supp. of Pet., ECF No. 2, PageID.57.) The petition was received by the Court on July 27, 2018. The Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner appealed his convictions to the Michigan Court of Appeals. Although the petition does not list the claims raised in the Michigan Court of Appeals, that court summarized the issues on appeal, as follows:

> Defendant argues on appeal that the search warrant was not based on probable cause because a material statement was omitted from a stale affidavit in support of the warrant and the prosecutor failed to provide timely notice of his intent to enhance defendant's sentence under the habitual offender statute, Further he argues that the trial court denied him a fair trial by failing to provide an evidentiary hearing and by extensively questioning defense witnesses.

*People v. Carter*, No. 331332, slip op. at 2 (Aug. 10, 2017), http://publicdocs.courts.mi.gov/opinions/final/coa/20170810_c331332_58_331332.opn.pdf. In a lengthy and thorough unpublished opinion issued on August 10, 2017, the court of appeals rejected Petitioner's arguments and affirmed the convictions.

Petitioner sought leave to appeal to the Michigan Supreme Court. In his habeas application, Petitioner states that he raised the following grounds to the supreme court: "(1) Abuse of Authority by Trial Judge; (2) Prosecutorial Abuse of Authority; (3) Ineffective Assistance of Counsel; (4) Abuse of District Court judge; (5) Lack of Probable Cause to Pursue Charges, and; (6) Actual Innocence of [Petitioner]." (Pet., ECF No. 1, PageID.3.) As Petitioner acknowledges, the Michigan Supreme Court issued an order on February 20, 2018, holding the application for leave to appeal in abeyance pending the decision in *People v. Straughter*, No. 156198. *People v. Carter*, No. 156509 (Feb. 20, 2018), http://publicdocs.courts.mi.gov/sct/public/orders/156509_73_01.pdf. Petitioner contends that, the supreme court decided the *Straughter* decision in April 2018, but the court has not yet resolved Petitioner's application for leave to appeal. (Br. in Supp. of Pet., ECF No. 2, PageID.22.) However, according to the electronic docket of the Michigan Supreme Court, the *Straughter* case remains pending in that court. *See* http://courts.mi.gov/

opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=156198&CourtType_CaseNumber=1.

Petitioner's habeas application raises four grounds for relief, as follows:

I. THE CUMULATIVE ERRORS COMMITTED DURING [PETITIONER'S] TRIAL CREATED A FUNDAMENTAL MISCARRIAGE OF JUSTICE RESULING IN THE CONVICTION OF A PERSON WHO IS ACTUALLY INNOCENT OF THE ALLEGED OF[F]ENSES.

II. DEFENSE COUNSEL'S ALCOHOLISM AND PENDING OWI (RESULTING IN INJURY) OFFENSE CAUSED HIM TO PERFORM DEFICIENTLY.

III. THE MAGISTRATE ABUSED HIS DISCRETION BY ISSUING A SEARCH WARRANT FOR THE GLADWIN RESIDENCE WHEN PROBABLE CAUSE WAS NOT ESTABLISHED IN VELTMAN'S AFFIDAVIT.

IV. THE PROSECUTOR AND THE DISTRICT JUDGE . . . ABUSED THEIR AUTHORITY BY PURSUING CHARGES AGAINST [PETITIONER] AFTER DISMISSING THE CHARGE FOR WHICH PROBABLE CAUSE WAS BASED, AND FOR ALLOWING PERJURED TESTIMONY TO SUPPORT THE AMENDED COMPLAINT.

(Pet., ECF No. 1, PageID.6-7, 10, 12; Br. in Supp. of Pet., ECF No. 2, PageID.20-21.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

4

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not yet fully exhausted any of his claims, as the Michigan Supreme Court has not yet decided whether to grant leave to appeal. Petitioner argues that he should be permitted to bring his habeas petition notwithstanding the failure to exhaust because his case warrants immediate consideration.

Although Petitioner believes that he should be excused from exhaustion because of his claim of actual innocence, the purported seriousness of the trial errors, and his perception of state-court delay, his case fails to meet the exceptions to the exhaustion requirement set forth in § 2254(b)(1)(B), which provide that exhaustion is not required if:

(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Here, the Michigan Supreme Court has not yet resolved the case for which it held Petitioner's application in abeyance, nor has that court determined whether to grant leave to appeal in Petitioner's case. Petitioner's application has been pending in the supreme court less than one year, and his total appellate process has continued just over two years. Under these circumstances, no basis exists for concluding either that the state corrective process is unavailable or that such process is insufficient to protect Petitioner's rights. In addition, while actual innocence may

5

excuse the exhaustion requirement in an extraordinary case, *see Schulp v. Delo*, 513 U.S. 298, 327 (1995); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Rust*, 17 F.3d at 162, Petitioner does not offer new evidence to show his innocence, and his assertion of innocence depends entirely on his claims of legal error at trial. (*See* Br. In Supp. of Pet., ECF No. 2, PageID.23.) The Court therefore finds that Petitioner has not presented an extraordinary case that would excuse exhaustion.

Moreover, if the Michigan Supreme Court denies leave to appeal, only Petitioner's third habeas ground will be fully exhausted, though some subsections of his first habeas ground also appear exhausted. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is

exhausted). Unless the state supreme court actually grants leave to appeal and reviews Petitioner's remaining claims, the claims raised for the first time in the Michigan Supreme Court will remain unexhausted. As a result, it is far from clear that the issuance of a decision by the Michigan Supreme Court will exhaust all of Petitioner's claims for purposes of habeas review.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has more than one available procedure by which to raise the issues he has presented in this application. First, he must await the Michigan Supreme Court's disposition of his application for leave to appeal. Second, if the supreme court denies leave to appeal, Petitioner may file a motion for relief from judgment in the 55th Circuit Court under Mich. Ct. R. 6.502, raising the claims presented for the first time in the Michigan Supreme Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court has not yet decided his application for leave to appeal, so his judgment is not yet final. In addition, before his statute of

limitations begins to run, Petitioner will have 90 days to petition for certiorari to the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[2] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has all 365 days remaining in the limitations period after completion of the direct appeal process. As result, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.

Dated: August 14, 2018 　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　　　　United States District Judge